## Fannie Blakeslee and Isabelle F. Newton v. Henry Mansfield, Jr.

WILLS—*Rule of Construction.*—The single purpose of the court in construing a will should be to discover and promulgate the intention of the testator, and in ascertaining such intention isolated clauses will not be selected and their meaning determined without any relation to other parts of the will. The whole instrument must be looked into, and each part construed with relation to the language used in parts which may shed light on the controverted portions.

2.    SAME—*Clauses Held to Dispose of the Entire Estate.*—Where a testator, after providing for investing his personal estate, made use of the following language regarding its final disposition: "Five years after my decease, the principal of said personal estate shall then be divided among my several children, or their descendants, in the proportions hereinbefore specified; as to the income thereof during the said period of five years, as follows: To my son Henry Mansfield, Jr., and my son Nathaniel S., each ten per cent of the same; to my daughters Eliza, Maggie, Eleanor and Sadie, each six per cent, and to my daughters, Isabelle T., Mrs. Blakeslee and Mrs. Mosher, each four per cent of the same," *it was held* to dispose of the whole estate.

**Bill to Construe a Will.**—Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

KERR & BARR, and F. H. TICHENOR, attorneys for appellants.

Courts, under the pretense of construction, have no right to either reject or supply words except where it is absolutely necessary to avoid an absurdity, or give effect to the manifest intention of the testator; for courts have no right to make a will, either by rejecting some of its provisions or by adding new ones, nor by placing on these provisions an arbitrary construction. Where the language of a will is clear and unambiguous, and there is no conflict in its various provisions, and no absurdity would thereby be involved, it should be given effect according to the literal terms used, taken in their general and popular sense, except where technical terms are used, in which case they should be taken in

their technical sense, unless the context shows they are used in a different sense. Welsh v. Belleville Savings Bank, 94 Ill. 200.

The intention of the testator is to be gathered alone from the will itself, from a full view and consideration of any thing contained within the four corners of the instrument. It is the duty of the court to give effect to all words without rejecting or controlling any of them, if it can be done by reasonable construction not inconsistent with the manifest intention of the testator. The natural construction of the words employed will be adopted unless there is such an impracticability in so construing them as to authorize their rejection, or such uncertainty that no effect can be given them. Taubenhan v. Dunz, 125 Ill. 529.

Henry Mansfield, Jr., *pro se.*

It can not be presumed that the parties use words or terms in the conveyance without intending some meaning should be given them, or without an intent that the effect legitimately resulting from their use should follow; hence if it can be done consistently with the rules of law, that construction will be adopted which gives effect to the instrument and to each and every word and term employed, rejecting none as meaningless or repugnant. Lehndorf v. Cope, 122 Ill. 317; Dawes v. Swan, 4 Mass. 208; 1 Redf. on Wills, 434; Loan Co. v. Bonner, 75 Ill. 315; Taubenhan v. Dunz, 125 Ill. 529; Shimer v. Mann, 99 Ind. 190; Rapp v. Eberly, 79 Pa. St. 144; Yearnshaw's Appeal, 25 Wis. 21.

The general intent of a will is to be carried into effect at the expense of any particular intent, provided such general intent is not inconsistent with the rules of law. Howe v. Howe (Ill.), 30 N. E. Rep. 1086.

It is said that the idea of any one deliberately purposing to die testate as to a portion of his property and intestate as to another portion, is so unusual in the history of testamentary disposition as to justify almost any construction of a will to avoid it. Redf. on Wills, Vol. 2, 235; Hayward v. Loper, 147 Ill. 41; Jarman on Wills, Vol. 2 (R. & T. Ed.)

469; Scofield v. Olcott, 120 Ill. 362; Taubenhan v. Dunz, 125 Ill. 524; Field v. Leiter, 118 Ill. 17.

In the construction of wills courts seek to ascertain and promulgate the intention of the testator. In ascertaining such intention, isolated statements and clauses of the testament will not be selected, and their meaning determined, without any relation to other clauses or parts of the will. On the contrary, it is a well settled rule of interpretation that courts will look to the whole instrument, and construe each part with relation to the language used in other parts of the instrument, which shed any light on the controverted portion of the will. Ewbank v. Smiley, Ind. Sup. 29 N. E. Rep. 919; Jenks v. Jackson, 127 Ill. 341; Dickison v. Dickison, 138 Ill. 541; Taubenhan v. Dunz, 125 Ill. 524; 11 Redf. Wills, 334 *et seq.;* Howe v. Howe, 152 Ill. 252; Woman's Union Missionary Society v. Mead, 131 Ill. 338; Sidons v. Cockrell, 33 Ill. 653.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was a bill in equity presented to the Circuit Court for the purpose of having construed certain provisions of the last will of Henry Mansfield, deceased.

The will provided that the testator's personal estate should, for a period of five years after his decease, be kept invested in interest-bearing loans secured by real estate, and that the net income therefrom and the rents from real estate after the payment of an allowance designated to his wife, an annuity designated to a Mrs. Maggie T. Clark, taxes, repairs and insurance, should be divided quarterly among his children in the following proportion: " To my sons, Henry Mansfield, Jr., and Nathaniel Mansfield, each ten per cent of the same; to my daughters, Eliza, Maggie, Eleanor and Sadie Mansfield, each, six (6) per cent; to my daughters, Isabelle T., Mrs. Blakeslee and Mrs. Mosher, each four (4) per cent of the said income."

It was further provided that at the expiration of the five years and after fifty thousand dollars had been set apart and invested to secure the payment of an annuity of two

thousand dollars to Mrs. Maggie T. Clark, the principal of the personal estate should be divided among his "several children or their descendants in the proportions hereinbefore specified; as to the income thereof during the said period of five years, as follows: To my son Henry Mansfield, Jr., and my son Nathaniel S., each ten per cent of the same; to my daughters Eliza, Maggie, Eleanor and Sadie, each six (6) per cent, and to my daughters Isabelle T., Mrs. Blakeslee and Mrs. Mosher each four (4) per cent of the same."

The only controversy is over the construction of these provisions.

Appellants contend that they dispose of but fifty-six per cent of the personal estate mentioned in the two paragraphs of the will considered, and that the remaining forty-four per cent is intestate. Appellee contends that the words " per cent " as used in the paragraphs means parts or shares, and that no portion of the personal estate is intestate.

The Circuit Court adopted the latter construction and held that the two sons, Henry and Nathaniel, each take ten fifty-sixths, the daughters Eliza, Maggie, Eleanor and Sadie each take six fifty-sixths, and the daughters Isabelle, Mrs. Blakeslee and Mrs. Mosher each take four fifty-sixths of the personal estate.

" Per cent " is an abbreviation of the Latin term per centum and means by the hundred. It is so used and understood by mathematicians, accountants and all English speaking persons having occasion to use it.

If in our construction of the two paragraphs in question we limit ourselves to the phrases where the term is used in designating the proportions in which each one of the children shall take of the personal estate, the conclusion is inevitable that the testator disposed of only fifty-six hundredths of his personal estate and income and left forty-four hundredths intestate. To so limit ourselves, however, would do violence to a well recognized canon for the construction of wills. To discover and promulgate the intention of the testator should be the single purpose of the court, and in ascertaining the intention isolated clauses or phrases will not be selected and their meaning determined without any

relation to other parts of the will. The court will look to the whole instrument and construe each part with relation to the language used in other parts which may shed any light on the controverted portions of the will. Taubenhan et al. v. Dunz, 125 Ill. 524; Jenks et al. v. Jackson et al., 127 Ill. 341; Dickison v. Dickison, 138 Ill. 541; Howe et al. v. Hodge et al., 152 Ill. 252.

In the second paragraph of this will the testator, after directing how his executors shall keep his personal estate invested for the period of five years, provides for the distribution of the net income in the following language: "After first paying all taxes, repairs, insurance and other expenses, and said annuity to my said wife and Mrs. Maggie T. Clark, the *surplus remaining* shall be by my said executors divided quarterly among my said children in the following proportions." The use of this language clearly indicates an intention on the part of the testator to distribute all the surplus of the net income quarterly among his children. The construction contended for by appellants would have forty-four per cent of such surplus undistributed at the end of each quarter; and yet the will will be searched in vain for any direction or intimation as to the disposition or management of such remaining surplus by the executors.

In the third paragraph, after setting apart fifty thousand dollars to be invested to secure the annuity to Mrs. Clark, he provides for the distribution of the personal estate in the following language: "Five years after my decease the principal of said personal estate shall then be divided among my several children or their descendants in the proportions hereinbefore specified; as to the income thereof during the said period of five years, as follows," etc. Here is a plain direction for a distribution of the entire personal estate, except fifty thousand dollars, among his children, in the same proportions that he had provided for as to the quarterly distributions of the net income. The use of the words "principal of said personal estate" plainly indicates an intention to dispose of the whole and not a part of it.

We think the Circuit Court discovered the true intention of the testator. Decree affirmed.